IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

DAVID MYRON,

    Plaintiff,                                                     ORDER

    v.                                                                     23-cv-116-wmc

CARTER TRANSPORTATION INCORPORATED,

    Defendant.
_____

    Plaintiff David Myron has filed a motion requesting to serve defendant Carter Transportation Incorporated either by publication in Eau Claire, Wisconsin, or by publication and mailing to defendant's corporate officer, Robert Carter. Plaintiff states that it has exercised reasonable diligence in attempting to personally serve defendant's registered agent, but that his efforts have been unsuccessful.

    Plaintiff may serve a corporation by alternative means, either by certified mail or by publication and mailing to the corporation's officer, if the corporation's registered agent cannot be served personally with a reasonably diligent effort. *See* Wis. Stat. §§ 180.0504(3); 801.11(5)(b); 801.11(1)(c). Reasonable diligence does not require "all possible diligence which may be conceived." *Haselow v. Gauthier*, 212 Wis. 2d 580, 569 N.W.2d 97 (Ct. App. 1997). But it does require a plaintiff to "exhaust . . . any leads or information reasonably calculated to make personal service possible." *Cunningham v. Montes*, No. 16-cv-761-jdp, 2018 WL 2390118, at *2 (W.D. Wis. May 25, 2018); *see also West v. West*, 82 Wis. 2d 158, 164, 262 N.W.2d 87, 89 (1978).

    Here, plaintiff hired a process server that attempted to serve defendant's registered agent, Carter Transportation Group LLC, in Eau Claire. The process server returned an

affidavit of non-service because the address associated with the corporation's registered agent was a mailbox at a UPS store. Plaintiff then hired a process service to personally serve defendant's corporate officer, Robert Carter, at his home address in Eau Claire. The process service failed to personally serve Carter after three attempts in March 2023. Then, in April 2023, plaintiff sent the summons and complaint by certified mail to defendant's principal office in San Diego, California, as listed in the Wisconsin Department of Financial Institution's corporate records database. Plaintiff also hired a process service to personally serve defendant at the San Diego address, but in attempting to serve defendant, the process server was informed by the current tenant of the space that defendant had vacated the office more than a year ago.

The court concludes that plaintiff's attempts to serve defendant personally have been reasonably diligent, so plaintiff is authorized to serve defendant by alternative means. Specifically, plaintiff must attempt service by: (1) publication in Eau Claire, Wisconsin; and (2) mailing via certified mail to Robert Carter's home address.

## ORDER

IT IS ORDERED that plaintiff's motion to serve defendant by alternative means (dkt. #10) is GRANTED as set forth above.

Entered this 16th day of August, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge